Robert F. NEUGEBAUER

v.

The A. S. ABELL COMPANY et al.

Civ. No. Y–75–776.

United States District Court,
D. Maryland.

Jan. 24, 1978.

Arnold Fleischmann, Towson, Md., for plaintiff.

Edmund P. Dandridge, Jr., Baltimore, Md., for defendants.

## MEMORANDUM AND ORDER

JOSEPH H. YOUNG, District Judge.

By the amended complaint, filed January 13, 1976, plaintiff, Robert F. Neugebauer, charges The A. S. Abell Company (hereinafter Abell), with violation of the antitrust laws. Plaintiff is an independent dealer, who, by contractual agreement with Abell, buys and delivers *Sunpapers* to customers within a given territory. The essence of the complaint is that defendants illegally attempt to control plaintiff's business practices by forcing him to comply with a given resale price for the papers.

Various discovery matters are presently before the Court. Plaintiff has moved to compel the production of documents from the Antitrust Division of the Attorney General of Maryland, which were developed by that Division's investigation of antitrust ac-

tivities between Abell and the Hearst Corporation, publisher of the *Baltimore News American.* In its Memorandum and Order, dated September 15, 1977, this Court ruled that no privilege prevents the discovery, if the material sought is relevant. Defendants oppose discovery, and the Hearst Corporation has moved to intervene to oppose discovery and seek a protective order as to its own records, if discovery from the Attorney General's files is allowed.

The motion to compel production of documents will be granted as to all investigative files, except matters which are internal work product of the Attorney General's office. Hearst's motion to intervene will be denied, since its interest is adequately protected by Abell. To protect the defendants' interest in not having any trade secrets or research made public as a result of access to the government files, the discovery is to proceed only upon arrangement for confidentiality among counsel. Such stipulation will also answer Hearst's concerns in the matter.

I. *Discovery will be allowed as it appears reasonably calculated to lead to the production of relevant information.*

Plaintiff complains of Abell's actions towards resellers of its papers. The antitrust investigation of the Attorney General focused on horizontal control of the news business between two competitors, Hearst and Abell. Given this difference, some question of relevance arises.

■ Both the bill of complaint drawn by the Attorney General and the final judgment and consent decree by which the action was concluded make it plain, however, that the scope of the investigation included resale price maintenance activities of the two companies. While the focus of the inquiry may have been on agreements between the companies, it seems reasonable to believe that information concerning each company's plans to implement resale price control toward its dealers might also be on file. Such data is precisely the subject matter of the present complaint. Accordingly,

the material sought is relevant within the meaning of F.R.Civ.P. 26(b)(1) and discovery will be allowed.

However, the plaintiff's request is too broadly worded, as it would compel internal memoranda and impressions of the Attorney General's staff, which are always protected from discovery by the attorney work product privilege, although no other privilege applies. *Hickman v. Taylor,* 329 U.S. 495, 512, 67 S.Ct. 385, 91 L.Ed. 451 (1947). The fact that the investigation has ended does not remove the privilege. *Duplan Corp. v. Moulinage et. Retourderie de Chavanoz,* 509 F.2d 730 (4th Cir.), *cert. denied,* 420 U.S. 997, 95 S.Ct. 1438, 43 L.Ed.2d 680 (1975). Accordingly, the plaintiff will have access to records, depositions and the like contained in the investigative files, but may not request internal work product of the staff.

■ Abell suggests that plaintiff should be required to seek information by depositions rather than going to the Attorney General files. Once the relevance issue is satisfied, this Court finds no reason to hold that access to investigative files is a less favored means of discovery, which should be withheld. Plaintiff has no additional hurdle to meet. Defendants' citation of *Black v. Sheraton Corporation of America,* 50 F.R.D. 130 (D.D.C.1970), for any such proposition is inappropriate. In that case, all surveillance records had been obtained from F.B.I. files. The Court was limiting the amount of "rummaging" to be permitted but in no way suggested that relevant investigative files should be withheld. Discovery of the Attorney General's investigative records will be allowed.

II. *Hearst will not be allowed to intervene to oppose discovery, since its interests are adequately protected by Abell.*

To be permitted to intervene, Hearst must show an interest it needs to protect, which the disposition of the action will render more difficult to protect, and which may not be adequately represented by the existing parties to the action. Rule 24(a) F.R.Civ.P.

Hearst's interest is to protect the confidentiality of information about it from public disclosure. The definition of an interest which justifies intervention has been broadly and flexibly drawn. An economic interest suffices, but is not always strictly necessary. *Cascade Natural Gas Corp. v. El Paso Natural Gas Co.,* 386 U.S. 129, 132–36, 87 S.Ct. 932, 17 L.Ed.2d 814 (1967). A parent's concern with a child's education and an environmental concern of a state or private party has been held a sufficient "interest." *Smuck v. Hobson,* 132 U.S.App.D.C. 372, 408 F.2d 175 (1969); *United States v. Reserve Mining Company,* 56 F.R.D. 408 (D.Minn. 1972).

■ Given this latitude, it is possible Hearst has an adequate interest. However, even with the flexibility of the interest concept, a bare assertion of a protected interest has been held insufficient. *Warheit v. Osten,* 57 F.R.D. 629, 630 (E.D.Mich. 1973). Hearst's assertion of an interest is not well supported, and would require further documentation. However, this is unnecessary since Hearst will not be allowed to intervene since its interests are adequately protected by Abell.

Hearst need not show an adverse interest to be allowed intervention, but there must be at least some diverseness. *Nuesse v. Camp,* 128 U.S.App.D.C. 172, 181, 385 F.2d 694, 703 (1967); *Ionian Shipping Company v. British Law Insurance Co., Ltd.,* 426 F.2d 186, 191 (2nd Cir. 1970). Where both parties are seeking the same outcome, a slight difference in interests does not show inadequate representation by the existing party to the action.

In the instant case, both parties have shown the same interest; namely, to prevent discovery. The question for both parties is thus identical. The interest of Abell is stronger than Hearst, since it involves not only publicity, but disclosure of information relevant to a claim against it. The fact that two parties are disputants or competitors in some other area does not justify a conclusion that the party to the suit will not act to protect its own substantial stake.

*Ionian Shipping, supra* at 191 (Footnote 8). Abell has opposed discovery and has thus asserted Hearst's "interest" sufficiently. Hearst has no other independent basis to justify intervention.

Both Hearst and Abell can be adequately protected against publication of trade secrets or the like which might be unearthed in the discovery process, by stipulation among counsel.

Accordingly, it is this 24th day of January, 1978, by the United States District Court for the District of Maryland, ORDERED:

1. That plaintiff's motion to compel the production of documents from the investigative files of the Attorney General of Maryland Antitrust Division be, and the same is, hereby GRANTED, as to all documents other than privileged work product of the attorneys;

2. That the motion of Hearst Corporation to intervene to oppose discovery and seek a protective order be, and the same is, hereby DENIED; and

3. That counsel proceed with discovery only upon suitable arrangements to protect Abell and Hearst from public disclosure of private business research, trade secrets, and like matters.